JAMES GLASSFORD v. GEORGE D. DAVIS.

1. Action against the endorser of a promissory note, in which there was no evidence of demand and notice. · The plaintiff relied on a new promise by the endorser, who testified that he had received no notice. *Held,* that the plaintiff must show, that at the time of the new promise, the endorser knew that no notice had been mailed.
2. *Query :* Whether, in the first instance, the plaintiff must show not only the new promise, but knowledge by the defendant of the laches, or whether, upon proof of the new promise, the presumption will arise that demand of payment was regularly made, and notice duly given to charge the endorser ?

On rule to show cause.

Argued at June Term, 1873, before the CHIEF JUSTICE, and Justices DEPUE, DALRIMPLE and VAN SYCKEL.

For the plaintiff, *J. Dixon.*

For the defendant, *S. B. Ransom.*

The opinion of the court was delivered by

VAN SYCKEL, J. This action is against Davis, the endorser of a promissory note, dated November 22d, 1870, for $600, drawn by one George W. Conklin to the defendant's order.

The only evidence offered on the trial of the cause to show demand, and notice to the endorser was that of the notary, who, on his cross-examination, testified that he did not know anything about it, of his own knowledge, but that he believed payment was demanded, and notice of non-payment mailed to the endorser by his protest clerk.

The plaintiff also offered evidence to show, that after the maturity of the note, the endorser promised to pay it, and then rested his cause.

The defendant then moved for a non-suit, which the court declined to grant.

The first point taken by the defendant's counsel is, that the court below erred in refusing to non-suit.

The question was raised, whether, in the absence of any proof upon the subject, the presumption will arise from the new promise that the demand of payment was regularly made, and notice of non-payment duly given to charge the endorser.

The doctrines of presumption and of waiver rest upon wholly different grounds, although in many of the adjudged cases the distinction between them has not been clearly drawn or adverted to. The former rests upon our common experience, that men will not promise to do what they are under no obligation to perform, and what they receive no consideration for doing, and therefore the promise is held to be presumptive evidence, that the endorser knows that all things have been rightly done to hold him. Waiver is the opposite of this. The endorser is held upon the ground that he expressly waives the defence which he might have set up. But no one can waive anything, of the existence of which he has no notice, and therefore he must be conscious, at the time of the new promise, of all the facts which in law are essential to discharge him from liability. If the doctrine of presumption prevails, its only effect is to shift the burden of proof. The plaintiff may rest upon proof of the new promise, and thus throw upon the endorser the double burden of showing laches and his want of knowledge of such laches.

The doctrine of presumption is supported by a line of English cases, from *Vaughn* v. *Fuller*, reported in 2 *Str.* 1246, down to *Hicks* v. *Beaufort*, in 4 *Bing. N. C.* 229, showing that from the new promise, every diversity of fact necessary to charge the endorser or drawer, is to be inferred. Presentment for acceptance, presentment for payment, notice of non-payment and non-acceptance, and the want of effects in the hands of the drawee, have all been presumed.

To charge the endorser, it has not been suggested by the court in any of these cases that it was necessary to show that he was aware of laches.

It would be a contradiction in terms, to say that the jury might infer from the promise that all things were rightly done by the holder, if he is required to prove that the endorser had knowledge of laches.

The rule laid down in these cases referred to, was not followed by Chief Justice Hornblower, in *Barkalow* v. *Johnson*, 1 *Harr*. 397, nor were the cases themselves cited. In *Blesard* v. *Hirst*, 5 *Burr*. 2670, and *Goodad* v. *Dolley*, 1 *T. R.* 712, referred to by the Chief Justice with approval, the laches appeared affirmatively. It may also be remarked, that in Barkalow *v.* Johnson, the new promise and offer to pay was conditional, and was not accepted. That case, therefore, was rightly decided, whether the doctrine of presumption is adopted or not. If the rule, as broadly as it is stated by Chief Justice Hornblower, had been applied to this case, the defendant was entitled to a non-suit when the plaintiff rested. If the plaintiff must show, in the first instance, not only the promise, but at the time of the promise a knowledge of the laches, the doctrine of presumption is necessarily swept away, and recovery on the promise must stand wholly on the ground of waiver of a known defence.

It is not necessary to settle the true rule in this case. If the burden of proof was thrown upon the defendant by the promise to pay, a slight circumstance should be sufficient to cast it back again upon the plaintiff, who must be supposed to be better able to establish an affirmative fact than the defendant to show a negative.

After the refusal to non-suit, the defendant testified that he had received no notice of protest, and this, if true, showed that the regularity of the proceedings was interrupted, and was sufficient to overcome any presumption that all things were rightly done.

It became necessary then for the plaintiff to put his case upon the ground of waiver, and to show that the defendant made the promise with full knowledge that he was not legally liable.

There is no substantial consideration to support such new

promise on the part of an endorser to pay a note for which he is neither legally or equitably liable. The rule, however, is now so firmly established that it cannot be abrogated, although the contract it enforces is not only without consideration, but it is questionable whether it is not a parol agreement to pay the debt of another, and its enforcement, therefore, in contravention of the statute of frauds. Courts can and should require the strictest evidence of all the facts necessary to render the new promise effective.

The court charged the jury that if the defendant expressly promised to pay the note, conscious of the holder's laches, he was bound.

This was a correct statement of the general rule of law. The endorser, to be charged by his new undertaking, must know that he was discharged at the time he entered into it. He knew that he had received no notice, but from that fact it does not necessarily follow that payment was not demanded, or that notice was not mailed.

If such demand was made, and notice mailed in season, there was no laches, and therefore it should have been left to the jury to determine, under all the circumstances of the case, whether, in making the new agreement, the defendant acted upon the belief that the holder of the note had, in either of these respects, been guilty of neglect.

If he believed, at that time, that he was still liable on his original contract of endorsement, the new promise has no obligation.

I am therefore of opinion that a new trial should be granted.